In the Matter of the Claim of J. C. HAMPTON v. THE ESTATE
OF BERTHA STOEHR, a Minor.

*(Surrogate's Court, Orange County, Filed February 1, 1893.)*

INFANTS—SURROGATE'S COURT.
> The Surrogate's Court has no power to settle and determine disputed
> claims against an infant's estate for moneys and services alleged to
> have been expended and rendered in the care of the infant's property.

Proceeding to compel payment by a general guardian of a
claim for services rendered by a guardian *ad litem* in litigations
resulting in securing the property now held by said guardian.

John R. Devany, for petitioner; George G. Keeler, for
guardian.

COLEMAN, S.—This is a proceeding to compel a general guar-
dian to pay an alleged claim for services rendered and expenses
incurred by the petitioner as guardian *ad litem* of the minor in
certain litigations which resulted in securing the property now
in the control of the general guardian.

The general guardian, by her answer, disputes and denies the
justness and validity of this claim.

It is well settled that the Surrogate's Court has no power to
hear and determine the validity of a disputed demand against
an estate of a deceased person except when made by executors
or administrators. And there seems to be the same lack of
statutory power to determine as to claims against the estate of
minors, except as it may be given by sections 2846 and 2472,
subd. 7, which are hereinafter referred to.

In the case of Welch v. Gallagher, 2 Dem. 40, it was held
that the Surrogate's Court had no power to determine a disputed
claim for board and apparel of an infant.

In the Matter of Kerwin, 37 St. Rep. 436, it was held by the
General Term, Fifth Department, that section 2846, above men-
tioned, gave the Surrogate's Court power to determine contro-

versies upon demands for support of minors; and under section 2472 to compel the payment and delivery of money or other property belonging to wards, and in cases specially prescribed by law to control the conduct of guardians. That was a proceeding to compel the guardian of the property to pay a third person an amount owing for the support of the minor under an agreement made with the guardian of the person; and it was there decided that it was the duty of the surrogate in that particular instance to inquire into the matter and grant or refuse the petitioner's application upon the merits. It will be noted that the circumstances "in this particular instance" were peculiar, and it very far from establishes the general principle that the Surrogate's Court is given, by the sections referred to, the general power to determine all disputed claims against a minor's estate.

By section 2472, subd. 7, the surrogate is given the power to compel a guardian to pay over money and deliver property belonging to his ward; such payment or delivery must, however, of necessity be made to a party having an established right thereto in some tribunal having authority to establish that right; and the surrogate may thereby also control the conduct of guardians, but only in cases specially prescribed by law; and there surely is no law requiring a guardian to pay a claim which he disputes until that claim has been properly adjudicated.

The demand of the petitioner in this case is not for the "support and education of the infant," but is for money and services alleged to have been expended and rendered in the care of the infant's property. Whether this was so done this court is not given the power to settle and determine, and these proceedings will, therefore, be dismissed, but without costs.